UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LEO SHUMACHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIGHAM MINERALS, INC., BEN M. BRIGHAM, ROBERT M. ROOSA, GAYLE BURLESON, JON-AL DUPLANTIER, STACY HOCK, LANCE LANGFORD, JAMES R. LEVY, RICHARD K. STONEBURNER, and JOHN R. SULT,<br><br>　　　　Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff Leo Shumacher ("Plaintiff"), on behalf of himself and upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. This action arises from a proposed transaction (the "Proposed Transaction") through which Brigham Minerals, Inc. ("Brigham Minerals" or the "Company") will be acquired by Sitio Royalties Corp. ("Parent") via Sitio's affiliate, Sitio Royalties Operating Partnership, LP, merger subsidiaries Snapper Merger Sub I, Inc., Snapper Merger Sub IV, Inc., Snapper Merger Sub V, Inc., Snapper Merger Sub II, LLC ("Non-Party Merger Subs") and collectively with Parent, and all merger subsidiaries "Sitio."

2. The Proposed Transaction was negotiated and announced at or around the same time as Brigham Minerals was coming out with record operational and financial results for the quarter ended September 30, 2022.

1

3. The terms of the Proposed Transaction were memorialized in a September 6, 2022, filing with the United States Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, Brigham Minerals shareholders will receive 1.133 shares of stock in the post-close combined company (the "Combined Company") for each share of Brigham Minerals common stock owned. As a result, Brigham Minerals will become an indirect wholly-owned subsidiary of the new entity, which will continue to operate under the Sitio name.

4. On October 7, 2022, Snapper Merger Sub I filed a Registration Statement on Form S-4 ("Registration Statement") attaching the proxy statement with the SEC in support of the Proposed Transaction.

5. The Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction; and fails to provide material information concerning financial projections for Brigham Minerals and Sitio provided by Brigham Minerals management to the Board of Directors, Goldman Sachs, and Credit Suisse and relied upon by Goldman Sachs and Credit Suisse in their analyses and fairness opinions.

6. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act").

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

8. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this

Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

10. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Brigham Minerals.

11. Defendant Brigham Minerals is a Delaware corporation whose principal executive office is located at 5914 W. Courtyard Drive, Suite 200, Austin, TX 78730. Brigham Minerals' common stock is publicly traded on New York Stock Exchange under the symbol "MNRL."

12. Defendant Ben M. Brigham has served as director of Company at all relevant times. In addition, Brigham serves as the Chairman of the Board of Directors.

13. Defendant Robert M. Roosa has served as director of Company at all relevant times. In addition, Roosa also serves as the Company's Chief Executive Officer ("CEO").

14. Defendant Gayle Burleson has served as director of Company at all relevant times.

15. Defendant Jon-Al Duplantier has served as director of Company at all relevant times.

16. Defendant Stacy Hock has served as director of Company at all relevant times.

17. Defendant James Langford has served as director of Company at all relevant times.

18. Defendant James R. Levy has served as director of Company at all relevant times.

19. Defendant Richard K. Stoneburner has served as director of Company at all relevant times.

20. Defendant John R. Sult has served as director of Company at all relevant times.

21. The Defendants named in paragraphs 12-20 are referred to herein as "Individual Defendants."

22. Non-Party Parent Sitio is a shareholder returns-driven company focused on large-scale

consolidation of high-quality oil & gas mineral and royalty interests across premium basins, with a diversified set of top-tier operators.

23. Non-Party Merger Subs are subsidiaries of parent created solely to complete the Proposed Transaction.

## FACTUAL BACKGROUND

**Background of the Company and the Transaction**

24. Brigham Minerals is a leading crude oil and natural gas mineral and royalty interest acquisition company headquartered in Austin, Texas. The Company is focused on acquiring and managing a core portfolio of oil and gas mineral and royalty interests across four of the most highly economic, liquids-rich resource basins in the continental United States.

25. Brigham Minerals outperformed the market over the last year. Brigham Minerals' third quarter 2022 earnings of $0.83 per share beat the Zacks Consensus Estimate of $0.67 per share. This compares to earnings of $0.31 per share a year ago. This quarterly report represents an earnings surprise of 23.88%. A quarter ago, it was expected that the Company would post earnings of $0.69 per share when it actually produced earnings of $0.78, delivering a surprise of 13.04%. Over the last four quarters, the company has surpassed consensus EPS estimates three times. Brigham Minerals, which belongs to the Zacks Mining - Miscellaneous industry, posted revenues of $94.21 million for the quarter ended September 2022, surpassing the Zacks Consensus Estimate by 18.98%. This compares to year-ago revenues of $41.96 million. The company has topped consensus revenue estimates four times over the last four quarters. Brigham Minerals shares have added about 43.7% since the beginning of the year versus the S&P 500's decline of -21.1%.

26. Notwithstanding this remarkably strong growth in a difficult financial market, on September 6, 2022, the Company announced the Proposed Transaction:

DENVER & AUSTIN, Texas--(BUSINESS WIRE)-- Sitio Royalties Corp. (NYSE: STR) ("Sitio", "STR" or the "Company") and Brigham Minerals, Inc. (NYSE: MNRL) ("Brigham Minerals", "MNRL" or "Brigham") today announced that they have entered into a definitive agreement to combine in an all-stock merger, with an aggregate enterprise value of approximately $4.8 billion based on the closing share prices of STR and MNRL on Friday, September 2, 2022. The combination brings together two of the largest public companies in the oil and gas mineral and royalty sector with complementary high-quality assets in the Permian Basin and other oil-focused regions, creating an industry leader with a proven track record of consolidating oil and gas mineral and royalty interests operated by a diverse set of E&P companies.

\*\*\*

Chris Conoscenti, Chief Executive Officer of Sitio, commented, "Our merger with Brigham Minerals brings together two complementary businesses that are aligned in every key way, and further advances the business plan that Sitio outlined earlier in the year following the merger of Sitio's predecessor companies. Both companies are focused on asset quality, maintain disciplined acquisition underwriting standards, understand the benefits of scale, and prioritize shareholder alignment in our approaches to capital allocation and best-in-class governance. We have been particularly impressed with the asset portfolio that the Brigham team has built and their track record of delivering consistent results every quarter since they became public."

Mr. Conoscenti continued, "We believe that achieving material scale in this industry is critical to creating sustained value for our stakeholders and distinguishing Sitio from others, which is why we have been so focused on employing a differentiated, large-scale consolidation strategy. Our combined company will be the largest publicly traded mineral and royalty company in the U.S. by enterprise value that is focused on consolidation across a diverse set of operators and geographies. We will be able to pursue opportunities that few others can because of the size of our business, strength of our balance sheet, optimized cost structure and access to capital."

"I'm extremely proud of the Brigham team's incredible efforts over the past 10 years to assemble an outstanding portfolio of diversified mineral interests across four of the highest quality oil weighted basins under high performing, active operators. Our merger with Sitio creates the industry leading powerhouse in the minerals space with over 30% coverage in the Permian Basin, approximately 100 rigs running across all of our operating basins and greater than 50 activity wells to continue to drive production and cash flow growth. We believe the merger is the logical next step in the continued evolution of the minerals space and creates an entity of scale with ever improving liquidity and float, as well as a streamlined cost structure that further reinforces the scalability of our industry. Overall, I could not be more excited about the future prospects of the combined company to continue to focus on creating value for shareholders through mineral consolidation." said Robert M. ("Rob") Roosa, Chief Executive Officer of Brigham.

TRANSACTION DETAILS

Under the terms of the definitive merger agreement, Brigham shareholders will receive

a fixed exchange ratio of 1.133 shares of common stock in the combined company for each share of Brigham common stock owned on the closing date, and Sitio's shareholders will receive one share of common stock in the combined company for each share of Sitio common stock owned on the closing date. Brigham's and Sitio's Class A shareholders will receive shares of Class A common stock in the combined company, and Brigham's Class B and Sitio's Class C shareholders will receive shares of Class C common stock in the combined company as merger consideration. Based on the exchange ratio and the closing price of Sitio's Class A common stock on September 2, 2022, the combined company would have an aggregate enterprise value of $4.8 billion. Upon completion of the transaction, Sitio shareholders will own approximately 54.0% and Brigham shareholders will own approximately 46.0% of the combined entity on a fully diluted basis.

The transaction has been unanimously approved by the boards of directors of both companies. Funds managed by Kimmeridge, Blackstone and Oaktree, which own 43.5%, 24.8% and 15.4% of the outstanding shares of Sitio, respectively, have entered into support agreements to vote in favor of the transaction.

The closing of the merger, which is expected to occur in the first quarter of 2023, is subject to customary closing conditions, including regulatory clearance and approvals by the shareholders of Sitio and Brigham. Sitio intends to continue paying its quarterly cash dividend and Brigham intends to pay both its fixed and variable quarterly dividend through closing of the transaction.

**The Registration Statement Contains Material Omissions**

27. On October 7, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Transaction.

28. The Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Registration Statement fails to disclose:

   a. Adequate disclosure as to whether a committee of disinterested directors was formed to evaluate the Proposed Transaction, and if so, what powers they had in doing so;

   b. Whether the confidentiality agreements entered into by the Company with Sitio differed from any other unnamed confidentiality agreement entered into between the Company and an interested third parties;

      c.   All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including Sitio, would fall away; and

      d.   Adequate and complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

29.    The Registration Statement fails to provide material information concerning financial projections for Brigham Minerals and Sitio provided by Brigham Minerals management to the Board and Goldman Sachs and relied upon by Goldman Sachs in its analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

30.    Notably the Registration Statement reveals that as part of its analyses, Goldman Sachs reviewed, "certain internal financial analyses and forecasts for Brigham and certain financial analyses and forecasts for Sitio standalone and pro forma for the Transactions prepared by Brigham's management."

31.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32.    With regard to the *Sitio Projections* prepared by Sitio, the Registration Statement fails to disclose material line items for the following:

      a.   With respect to *Price Deck A* and *Price Deck B*:

      i.     Total Daily Production, including all underlying inputs, metrics, and assumptions, including specifically: The estimated average annual development pace per drilling space unit, management's reasonable expectations for future drilling activity by operators, the specific project blended average future type curves by basin, and the average percentage ownership of Sitio across the acreage in which Sitio holds interests; and

      ii.    Adjusted EBITDA, including all underlying inputs, metrics, and assumptions, including specifically: net income (loss), interest expense, provisions for taxes, depreciation, depletion and amortization, non-cash share-based compensation expense, impairment of oil and natural gas properties, gains or losses on unsettled derivative instruments, change in fair value of warrant liability, write off of deferred offering costs, management fee to affiliates, and one-time transaction costs.

33.    With regard to the *Brigham Minerals Projections* prepared by Brigham Minerals, the Registration Statement fails to disclose material line items for the following:

    a.    With regard to the Commodity Prices projections for years 2022E-2029E:

      i.     Oil ($/bbl), including all specific inputs, metrics and assumptions underlying a change in price over time; and

      ii.    Gas ($/mmbtu) including all specific inputs, metrics and assumptions underlying a change in price over time.

    b.    With regard to the *Brigham Financial and Operating Projections* for the Company Standalone and the Pro Forma Company:

      i.     Adjusted EBITDA, including all underlying inputs, metrics, and assumptions, including specifically: depreciation, depletion and

      amortization, share-based compensation expense, interest expense, income tax expense, change in fair value of warrant liability, and other income.

34. The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the alternative cases of projections rely.

35. The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

36. This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

37. Without accurate projection data presented in the Registration Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of the Goldman Sachs' financial analyses, or make an informed decision whether to vote in favor of the Proposed Transaction. As such, the Board has violated the 1934 Act by failing to include such information in the Registration Statement.

38. In the Registration Statement, Credit Suisse describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

39. With respect to the *Selected Companies Analysis* for Brigham Minerals, the Registration Statement fails to disclose the following:

   a. The inputs, metrics, and assumptions used to determine multiple ranges of 6.5x to 7.5x for 2023E EBITDA;

   b. The inputs, metrics, and assumptions used to determine multiple ranges of 6.5x to 7.5x for 2024E EBITDA;

   c. The inputs, metrics, and assumptions used to determine a multiple range of 7.0x to 8.0x to Brigham's estimated discretionary free cash flow less lease bonuses for the year ended December 31, 2023; and

   d. The inputs, metrics, and assumptions used to determine a multiple range of 7.0x to 8.0x to Brigham's estimated discretionary free cash flow less lease bonuses for the year ended December 31, 2024.

40. With respect to the *Selected Companies Analysis* for Sitio, the Registration Statement fails to disclose the following:

   a. The inputs, metrics, and assumptions used to determine a multiple range of 6.5x to 7.5x to Sitio's 2023E EBITDA;

   b. The inputs, metrics, and assumptions used to determine a multiple range of 6.5x to 7.5x to Sitio's 2024E EBITDA;

   c. The inputs, metrics, and assumptions used to determine a multiple range of 6.0x to 7.0x to Sitio's estimated discretionary free cash flow less lease bonuses for the year ended December 31, 2023; and

  d. The inputs, metrics, and assumptions used to determine a multiple range of 6.5x to 7.5x to Sitio's discretionary free cash flow less lease bonuses for the year ended December 31, 2024.

41. With respect to the *Discounted Cash Flow Analysis—Corporate* for Brigham Minerals, the Registration Statement fails to disclose the following for *Price Deck A* and *Price Deck B*:

  a. The inputs, metrics, and assumptions used to determine terminal multiples of 7.0x to 9.0x to Brigham's estimated EBITDA for year ended December 31, 2027;

  b. The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%;

  c. Brigham Minerals' unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them; and

  d. The terminal value for Brigham Minerals.

42. With respect to the *Discounted Cash Flow Analysis—Corporate* for Sitio, the Registration Statement fails to disclose the following for *Price Deck A* and *Price Deck B*:

  a. The inputs, metrics, and assumptions used to determine terminal multiples of 7.0x to 9.0x to Sitio's estimated EBITDA for year ended December 31, 2027;

  b. The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%;

  c. Sitio's unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them; and

  d. The terminal value for Sitio.

43. With respect to the *Discounted Cash Flow Analysis—Net Asset Value* for Brigham, the Registration Statement fails to disclose the following for both *Price Deck A* and *Price Deck B*:

   a. The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%; and

   b. Brigham Minerals' unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them.

44. With respect to the *Discounted Cash Flow Analysis—Net Asset Value* for Sitio, the Registration Statement fails to disclose the following for both *Price Deck A* and *Price Deck B*:

   a. The inputs, metrics, and assumptions used to determine discount rates ranging from 8.5% to 10.5%; and

   b. Sitio's unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them.

45. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

46. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public Brigham Minerals stockholder. As such, the Board has violated the 1934 Act by failing to include such information in the Registration Statement.

47. In the Registration Statement, Goldman Sachs describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

48. With respect to the *Illustrative Present Value of Future Share Price Analysis—Brigham Standalone*, the Registration Statement fails to disclose the following:

   a. The inputs, metrics, and assumptions used to determine illustrative per share distributable cash flow yield ratios of 10.5%, 11.5% and 12.5% for years 2023-2025;

   b. The current and historical NTM DCF Yields of Brigham Minerals' used for this analysis;

   c. The inputs, metrics, and assumptions used to determine an illustrative discount rate of 10.5%;

   d. The Company's cost of equity; and

   e. The beta for the Company.

49. With respect to the *Illustrative Present Value of Future Share Price Analysis—Pro Forma Combined Company*, the Registration Statement fails to disclose the following:

   a. The inputs, metrics, and assumptions used to determine a range of illustrative per share NTM DCF Yields of 10.5%, 11.5% and 12.5% for years 2023-2025;

   b. The current and historical NTM DCF Yields of Brigham Minerals and Sitio

used for this analysis;

c. The inputs, metrics, and assumptions used to determine an illustrative discount rate of 10.5%;

d. The Pro Forma Company's cost of equity; and

e. The beta for the Pro Forma Company.

50. With respect to the *Illustrative Discounted Cash Flow Analysis—Brigham Standalone*, the Registration Statement fails to disclose the following:

a. The inputs, metrics, and assumptions used to determine discount rates ranging from 9.5% to 10.5%;

b. The weighted average cost of capital for the Company;

c. Brigham Minerals' unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them;

d. The range of illustrative terminal values for Brigham Minerals;

e. The inputs, metrics, and assumptions used to determine perpetuity growth rates ranging from (1.00)% to 1.00%;

f. The estimated terminal year estimate of the unlevered free cash flow to be generated by Brigham Minerals;

g. The company's target capital structure weightings;

h. The cost of long-term debt;

i. The after-tax yield on permanent excess cash;

j. The Company's future applicable marginal cash tax rate;

k. The beta for the company;

l. The assumed long-term real growth of gross domestic product;

    m. The assumed rate of inflation;

    n. The range of illustrative enterprise values derived for the Company;

    o. The Company's net debt as of June 30, 2022; and

    p. The number of fully diluted outstanding shares of Company common stock.

51. With respect to the *Illustrative Discounted Cash Flow Analysis—Pro Forma Combined Company*, the Registration Statement fails to disclose the following:

    a. The inputs, metrics, and assumptions used to determine discount rates ranging from 9.5% to 10.5%;

    b. The Pro Forma Company's weighted average cost of capital;

    c. The Pro Forma Company's unlevered free cash flow projections utilized and the specific inputs, metrics, and assumptions used to calculate them;

    d. The range of illustrative terminal values for the pro forma combined company;

    e. The inputs, metrics, and assumptions used to determine perpetuity growth rates ranging from (1.00)% to 1.00%;

    f. The terminal year estimate of the unlevered free cash flow to be generated by the pro forma combined company;

    g. The company's target capital structure weightings;

    h. The cost of long-term debt;

    i. The after-tax yield on permanent excess cash;

    j. The future applicable marginal cash tax rate for the Pro Forma Company;

    k. The beta for the company;

    l. The range of illustrative enterprise values derived for the pro forma combined company;

  m. The pro forma net debt of the combined company as of June 30, 2022;

  n. The range of illustrative equity values for the pro forma combined company; and

  o. The fully diluted outstanding shares of the pro forma combined company.

52. With respect to the *Premia Analysis*, the Registration Statement fails to disclose the following:

  a. The specific date on which each transaction closed;

  b. The value of each transaction;

  c. The enterprise value for the companies in each transaction compared; and

  d. The inputs, metrics, and assumptions used to determine a reference range of illustrative premiums of (5.0)% to 15.0%.

53. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

54. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public Brigham Minerals stockholder. As such, the Board has violated the 1934 Act by failing to include such information in the Registration Statement.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Brigham Minerals**

55. Plaintiff repeats all previous allegations as if set forth in full.

56. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

57. Brigham Minerals is liable as the issuer of these statements.

58. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By nature of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

59. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

60. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Transaction.

61. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

62. The Registration Statement is an essential link in causing plaintiff to approve the Transaction.

63. By reason of the foregoing, the defendants have violated Section 14(a) of the 1934 Act and SEC Rule 14a-9(a) promulgated thereunder.

64. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

65. Plaintiff repeats all previous allegations as if set forth in full.

66. The Individual Defendants acted as controlling persons of Brigham Minerals within the meaning of Section 20(a) of the 1934 Act as alleged herein. By nature of their positions as officers and/or directors of Brigham Minerals and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

67. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

68. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

69. By nature of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

70. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By nature of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Preliminarily and permanently enjoin defendants, and all persons acting in concert with them from proceeding with, consummating or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescind and set it aside or award rescissory damages;

C. Direct the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declare that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Award Plaintiff all attorneys' fees, expert fees, and expenses incurred in prosecuting this action; and

F. Award all other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 5, 2022            **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
    Gina M. Serra (#5387)
    Herbert W. Mondros (#3308)

**OF COUNSEL:**     300 Delaware Avenue, Suite 210
    Wilmington, DE 19801

**C.O. LAW, APC**     Telephone: (302) 295-5310
Clark Ovruchesky     Facsimile: (302) 654-7530
2404 Broadway, Suite 150     Email: gms@rl-legal.com
San Diego, CA 92102     Email: hwm@rl-legal.com
Telephone: (619) 356-8960
Email: co@colawcalifornia.com     *Attorneys for Plaintiff*

20